IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ROSEMARY GEBERT LIVING TRUST,   )
                                         )
        Plaintiff,               )   TC-MD 111218N
                                         )
      v.                      )
                                         )
LANE COUNTY ASSESSOR,         )
                                         )
        Defendant.        )   **DECISION**

This matter is before the court on the parties' Stipulated Agreement filed

February 28, 2012.

Plaintiff appeals Defendant's Notice of Intention to Add Tax Due to Omitted Property

(notice) "Adding [the] Value for Garden Shed conversion to Single Family Dwelling" to

property identified as Account 0602530 (subject property) for the 2012-13 tax year. (Ptf's

Amend Compl at 4-5.) Defendant's notice increased the 2009-10 improvements real market

value of the subject property from $74,070 to $106,826 and increased the 2009-10 maximum

assessed value from $139,521 to $163,887. (*Id.*) Defendant's notice increases the 2010-11

improvements real market value of the subject property from $89,260 to $124,579 and increased

the 2010-11 maximum assessed value from $143,707 to $168,804. (*Id.*)

On February 28, 2012, the parties filed a Stipulated Agreement stating that the 2009-10

improvements real market value of the subject property should be reduced to $74,070 (as

originally stated on the tax rolls), and the 2010-11 improvements real market value should be

reduced to $101,156. The Stipulated Agreement did not include any change to the 2009-10 or

2010-11 maximum assessed values of the subject property. Neither Defendant's notice nor the

parties' Stipulated Agreement changed the land real market values of the subject property.

It is unclear to the court what statutory authority, if any, supports the increase to the 2009-10 and 2010-11 maximum assessed values of the subject property stated on Defendant's notice in light of the Stipulated Agreement reinstating the 2009-10 roll improvements real market value and reducing the 2010-11 roll improvements real market value. On March 16, 2012, the court sent a letter to Defendant, copy to Plaintiff, requesting that Defendant respond in writing by March 30, 2012, clarifying what statutory authority, if any, supports the increase to the 2009-10 and 2010-11 maximum assessed values of the subject property stated on Defendant's notice in light of the parties' Stipulated Agreement.

On April 12, 2012, Defendant filed its response to the court's letter outlining the general statutory requirements for adding omitted property to the assessment and tax rolls found in ORS 311.223 and 311.232. (Def's Ltr at 1, Apr 12, 2012.) Defendant stated that "there was credible evidence that the property account in question had two ancillary rental dwellings in addition to the principal residence. The Omitted Property Notice added value for one of the residences. The omitted property action added assessed value as per ORS 311.233 [*sic*] and ORS 308.146." (*Id.* at 2.) Defendant further reported that the "residence has now been ordered by the City of Eugene in a May 28, 2010[,] letter to be altered in such a way that it would no longer function as a rental unit." (*Id.*) The order was effective as of September 1, 2010. (*Id.*)

Defendant stated that Plaintiff "was a bona fide buyer in 2009," so Defendant "proceeded to correct the assessment for the 2009-10 and 2010-11 tax years." (*Id.*) Defendant stated that the subject property

> "was purchased for $255,000 in April 2009. This appears to be an arms length transaction. The RMV is further substantiated by an independent fee appraisal which indicated a listing history of '$299,000 on 10-8-2008. Reduced to $265,000 on 11-13-2008. Expired on 1-1-2009. Listed $250,000 1-3-2009. Withdrawn 3-27-2009. Expired 7-1-2009. Non MLS purchase for $255,000 in April 2009.' The appraisal concludes a real market value for February 2010 of

$199,000[,] however the document notes the 2 living units as non-conforming and the appraiser adds no value nor makes adjustments to the comparables for additional living units."

(*Id.*) Defendant concluded that "the statutes are clear that [Defendant] is obligated to add omitted property and make necessary adjustments to value, assessment, and the tax roll. However, ORS 308.232 requires a valuation at 100% of real market value. The sale of the property at $255,000 is within 5% of [Defendant's] opinion of real market value * * *." (*Id.* at 3.)

Under ORS 308.146(1),[1] "[t]he maximum assessed value of property shall equal 103 percent of the property's assessed value from the prior year or 100 percent of the property's maximum assessed value from the prior year, whichever is greater." ORS 308.146(3)(d) provides an exception to the annual three percent cap on maximum assessed value increases for "property [that] is first taken into account as omitted property[.]" Defendant's notice increased the 2009-10 maximum assessed value of the subject property in excess of three percent as a result of the addition of omitted property. According to their Stipulated Agreement, the parties agree that the entirety of the 2009-10 improvements real market value added to the roll as a result of Defendant's omitted property assessment should be removed. Furthermore, based on Defendant's letter of April 12, 2012, the original 2009-10 roll real market value was accurate based on Plaintiff's April 2009, purchase price and the "Garden Shed conversion to Single Family Dwelling" that was added as omitted property contributed no value to the subject property.

Given the parties' apparent agreement that Defendant's omitted property assessment should be cancelled for the 2009-10 tax year, Defendant's increase of the 2009-10 maximum

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2007. The 2009 ORS are applicable to the 2010-11 tax year. The pertinent ORS provisions referenced do not differ materially in 2009 from 2007.

assessed value of the subject property is contrary to law. The court finds that, as stipulated by the parties, the 2009-10 real market value of the subject property was $267,271, with $193,201 allocated to the land and $74,070 allocated to the improvements. The court further finds that the 2009-10 maximum assessed value of the subject property was $139,521, as originally stated on the 2009-10 tax roll.

For the 2010-11 tax year, the parties agree that the real market value of the subject property was $225,000, with $123,844 allocated to the land and $101,156 allocated to the improvements. The parties' agreed upon real market value for the 2010-11 tax year is a reduction from the 2010-11 real market value of $248,423 stated on Defendant's notice. ORS 308.156(3) states that, "[f]or the first tax year for which property is added to the property tax account as omitted property, the property's maximum assessed value shall be established under this section." ORS 308.156(5) states:

> "The property's maximum assessed value shall be the sum of:
>
> > "(a) The maximum assessed value determined under ORS 308.146 that is allocable to that portion of the property not affected by an event described in subsection * * * (3) * * * of this section; and
> >
> > "(b) The product of the real market value of that portion of the property that is affected by an event described in subjection * * * (3) * * * of this section multiplied by the ratio, not greater than 1.00, of the average maximum assessed value over the average real market value for the assessment year in the same area and property class."

Defendant shall recalculate the 2010-11 maximum assessed value of the subject property in accordance with ORS 308.156(5) and based on the parties agreed upon 2010-11 real market value for the subject property of $225,000, with $123,844 allocated to the land and $101,156

/ / /

/ / /

DECISION  TC-MD 111218N                                                                    4

allocated to the improvements. The 2010-11 maximum assessed value of the subject property must conform to the court's finding that no change is allowed to the 2009-10 maximum assessed value of the subject property. Now, therefore,

IT IS THE DECISION OF THIS COURT that, as stipulated by the parties, the 2009-10 real market value of property identified as Account 0602530 was $267,271, with $193,201 allocated to the land and $74,070 allocated to the improvements.

IT IS FURTHER DECIDED that the 2009-10 maximum assessed value of property identified as Account 0602530 was $139,521, as originally stated on the 2009-10 tax roll.

IT IS FURTHER DECIDED that, as stipulated by the parties, the 2010-11 real market value of property identified as Account 0602530 was $225,000, with $123,844 allocated to the land and $101,156 allocated to the improvements.

IT IS FURTHER DECIDED that Defendant shall calculated the 2010-11 maximum assessed value of property identified as Account 0602530 in accordance with ORS 308.156(5) and with the court's finding that no change is allowed to the 2009-10 maximum assessed value.

Dated this ___ day of April 2012.

_____
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Pro Tempore Allison R. Boomer on April 13, 2012. The Court filed and entered this Decision on April 13, 2012.*